Citation Nr: 1736742 
Decision Date: 08/17/17 Archive Date: 09/06/17

DOCKET NO. 09-29 505 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an initial disability evaluation in excess of 10 percent for a service-connected right knee sprain. 

2. Entitlement to a higher initial disability evaluation for right knee instability rated 10 percent disabling, prior to August 14, 2015, and 20 percent disabling, since August 14, 2015. 

3. Entitlement to service connection for bilateral hearing loss.

4. Entitlement to service connection for sleep apnea.

5. Entitlement to service connection for left foot arthritis.

6. Entitlement to service connection for right foot arthritis.

7. Entitlement to service connection for a skin rash.

8. Entitlement to service connection for memory loss.

9. Entitlement to service connection for an acquired psychiatric disorder, to include schizophrenia, posttraumatic stress disorder, and anxiety.

10. Entitlement to service connection for a heart palpitation/murmur.

11. Entitlement to service connection for hypertension.

12. Entitlement to a total disability based on individual unemployability.

13. Entitlement to a disability evaluation in excess of 10 percent for left knee loss of flexion.

14. Entitlement to a disability evaluation in excess of 20 percent for left lateral collateral ligament strain.

15. Entitlement to the assignment of a separate disability evaluation for left knee loss of flexion, prior to August 14, 2015.

16. Entitlement to the assignment of a 20 percent evaluation for a left lateral ligament strain, prior to August 14, 2015. 

17. Whether new and material evidence has been received to reopen a service connection claim for a rib disability.

18. Entitlement to service connection for a cervical spine disability.


REPRESENTATION

Appellant represented by: Robert V. Chisolm, Attorney-at-Law



WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Sopko, Counsel


INTRODUCTION

The Veteran had active service from June 1988 to June 1992.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of April 2010, May 2012, March 2015, and September 2015 of the Department of Veterans Affairs (VA) Regional Office (RO). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

First, the Veteran, through counsel, requested a copy of his VA examination reports from January 2017 pursuant to the Freedom of Information Act (FOIA). Although the Board copied the entire claims file for him in April 2017, VA had not uploaded the January 2017 report into VBMS when the Board replied to the FOIA request. Because the Board's response was incomplete, counsel routed the claims file to the Board's FOIA office to request that the FOIA office obtain the outstanding report. The FOIA office reported in July 2017 that it was limited to copying the documents in VBMS, and it could not obtain outstanding records. Because the Board cannot fulfill the FOIA request internally, remand is warranted.

Second, the Board notes that VA did not conduct the development the Board ordered in its June 2016 Remand. Accordingly, those Remand directives are included below.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran's attorney to obtain a list of all outstanding FOIA requests. Once the list is obtained, provide these records to the Veteran and his attorney.

2. Obtain all outstanding VA treatment and hospitalization records related to the Veteran's right knee disability, dated since May 2016. Any negative response(s) must be in writing and associated with the claims folder. 

3. After the aforementioned development has been completed, schedule the Veteran for an appropriate VA right knee examination to assess the nature, extent, and severity of the disability. The entire claims file must be reviewed by the examiner. 

The examiner must perform appropriate range of motion testing, expressing all findings in degrees and noting the degree where painful motion, if any, is present, on both flexion and extension. Further, note the presence, or absence, of weakened movement, excess fatigability, and incoordination present, to include on repetitive testing. The examiner must also indicate whether, and to what extent, there is any knee and hip instability, subluxation or locking.

Thereafter, the examiner should opine as to the likelihood that, without taking into account his age, the Veteran is precluded from obtaining or maintaining gainful employment (consistent with his education and occupational experience) because of

(a) the manifestations of the right knee disability alone; and

(b) the aggregate of his service-connected disabilities.

The provided examination report must reflect consideration of both the medical and lay evidence of record and set forth a complete rationale for all findings and conclusions.

4. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, Issues 1-12 should be readjudicated based on the entirety of the evidence of record. If any claim remains denied, the Veteran and his representative should be issued a Supplemental Statement of the Case, and the appeal returned for appellate review. An appropriate period of time should be allowed for response.

5. Issue a Statement of the Case (NOT A SUPPLEMENTAL STATEMENT OF THE CASE) for Issues 13-18, for the reasons explained in the June 2016 Board Remand. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KELLI A. KORDICH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).